IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02141-PAB-CYC

SHAMSUL ALAM,

      Plaintiff,

v.

STATE FARM GENERAL INSURANCE COMPANY; AND
T.L. THOMPSON & ASSOCIATES, INC.,

      Defendants.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Before the Court is Plaintiff's Unopposed Motion to Amend the Caption, ECF No. 22, which explains that defendant State Farm General Insurance Company's name was incorrect on the complaint and this defendant is properly identified as State Farm Fire and Casualty Company. As a result, the plaintiff and this defendant agree, pursuant to Federal Rule of Civil Procedure 15(a)(2), that all relevant pleadings and the case caption should be amended to correct this error.

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleadings after the time for amending as a matter of right has passed "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, the name change relates to one defendant and that defendant consents to the change. That is all well and good, but in order for the change to take effect as the parties wish, the Court must also consider Rule 15(c). *See Graves v. Gen. Ins. Co.*,

412 F.2d 583, 584 (10th Cir. 1969) ("Corrections of misnomers are permitted under Rule

15(c)."); *Robinson v. Southeastern Pa. Transp. Auth.*, 572 F. Supp. 3d 136, 147–48 (E.D. Pa.

2021). Under that rule, "[a]n amendment to a pleading relates back to the date of the original

pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). Here, as demonstrated by the docket and the motion, the requirements

of Rule 15(c)(1)(C) are met. *See Toll Bros., Inc. v. Gu*, No. 25-cv-02884-PAB-CYC, 2026 WL

207416, at *1 (D. Colo. Jan. 27, 2026) (granting motion to amend party name); *Bachor v. Bd. of

Cnty. Comm'rs of La Plata Cnty.*, No. 21-cv-02276-LTB-NRN, 2023 WL 2824364, at *4 (D.

Colo. Mar. 15, 2023). While this motion may also have been brought under Federal Rule of

Civil Procedure 17, under which "[a]n action must be prosecuted in the name of the real party in

interest," Fed. R. Civ. P. 17(a)(1); *Fed. Deposit Ins. Corp. v. Geldermann Inc.*, 975 F.2d 695,

698 (10th Cir. 1992) ("[T]he real party in interest is the one who, under applicable substantive

law, has the legal right to bring suit." (quotation marks omitted)), the Court need not engage in

an analysis under that rule as the outcome would be the same. Accordingly, it is hereby

ORDERED that the motion, ECF No. 22, is **GRANTED**.

2

Accordingly, it is further ORDERED that the Clerk of the Court shall modify the name of defendant State Farm General Insurance Company on the Court's docket to State Farm Fire and Casualty Company.

It is further ORDERED that all parties shall use the updated name of this party on all future filings.

Entered this 3rd day of June, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

3